IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRITTANY DIEM | : | |
|     PLAINTIFF, | : | |
| | : | |
| v. | : | Civil Action No. 5:25-CV-00556 |
| | : | |
| COMMUNITY ACTION PARTNERSHIP | : | |
| OF LANCASTER COUNTY | : | |
|     DEFENDANT, | : | Jury Trial Demanded |

### AMENDED CIVIL COMPLAINT

PLAINTIFF, BRITTANY DIEM by and through undersigned counsel, hereby files this Amended Civil Action Complaint against DEFENDANT, COMMUNITY ACTION PARTNERSHIP OF LANCASTER COUNTY, and avers the following:

### PARTIES

1. PLAINTIFF is Brittany Diem, who was a resident of Lancaster County, Pennsylvania at all times relevant to these allegations.

2. DEFENDANT is Community Action Partnership of Lancaster County, who at all times relevant hereto conducts business in Lancaster County, Lancaster, Pennsylvania.

3. At all times material hereto, DEFENDANT was the employer of PLAINTIFF.

### NATURE OF THE CASE

4. Plaintiff now brings claims against the Defendants pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq.; the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k), et seq.; the Americans with

Disabilities Act 42 U.S.C §12203 (b) et. seq. ("ADA"); and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, et seq.

**JURISDICTION AND VENUE**

5. This District Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, as they arise under the laws of the United States.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367

7. Jurisdiction is proper in the Eastern District of Pennsylvania as PLAINTIFF was and is at all relevant times domiciled in Narvon, Pennsylvania (Lancaster County) and DEFENDANT regularly and continuously conducts business at all relevant times in Lancaster, Pennsylvania (Lancaster County).

8. Venue is proper in the Eastern District of Pennsylvania as PLAINTIFF worked for DEFENDANT in Lancaster, Pennsylvania and was terminated from employment on March 10, 2023.

9. On or about November 4, 2024, Plaintiff submitted a formal Request for a Right to Sue to the Equal Employment Opportunity Commission ("EEOC"), Philadelphia District Office, under PHRC Case No. 202300822 and EEOC Case No. 17F-2023-60901. The EEOC granted Plaintiff a Notice of Right to Sue on November 5, 2024. This action is being filed within the 90-day statute of limitations provided by the Notice of Right to Sue.

**MATERIAL FACTS**

10. PLAINTIFF hereby incorporates by reference each and every allegation made in the above paragraphs of this Complaint.

11. PLAINTIFF, Brittany Diem, was employed by DEFENDANT, Community Action Partnership of Lancaster County as an employee in the position of Transitional Housing Advocate and intern beginning on August 15, 2022.

12. PLAINTIFF was a full-time employee, compensated at a rate of $17.50 per hour.

13. PLAINTIFF was also completing an unpaid internship with DEFENDANT as a requirement to obtain her master's degree.

14. On or about March 10, 2023, PLAINTIFF was terminated from her employment with DEFENDANT.

15. At the time of her termination, PLAINTIFF was 25 weeks pregnant.

16. PLAINTIFF was evaluated by her physician at UPMC Obstetrics & Gynecology on February 6, 2023, for significant pregnancy-related complications, including cramping and bleeding. This caused limitations on her ability to perform major life activities such as walking, standing for extended periods, lifting, and working.

17. PLAINTIFF had prior diagnoses of Depression and Anxiety, which affected her ability to perform one or more major life activities. These mental health conditions exacerbated her pregnancy-related disabilities including the cramping and bleeding and are associated with her increased risk of pre-term birth. This exacerbation negatively impacted PLAINTIFF'S ability to perform one or more major life activities.

18. PLAINTIFF'S doctor, Dr. Melanie Stone, provided DEFENDANT with a note requesting reasonable accommodations, including: (1) Avoiding lifting objects greater than 30 pounds; (2) Allowing regular meal breaks; (3) Limiting work shifts to 6 hours or less in a 24-hour period; and (4) Limiting work weeks to 30 hours or less.

19. DEFENDANT informed PLAINTIFF that it could not accommodate her doctor's restrictions and required her to work a full 40-hour work week, despite her pregnancy-related medical needs.

20. PLAINTIFF then requested reasonable accommodations for her pregnancy-related disabilities, including the ability to work remotely for two hours per day and to be in the office for six hours per day to meet DEFENDANT'S requests.

21. These accommodations would have enabled her to complete administrative tasks such as responding to emails, scheduling appointments, updating weekly timesheets, and preparing progress notes remotely from home.

22. PLAINTIFF's request for accommodations would not have imposed any undue hardship on DEFENDANT.

23. DEFENDANT terminated PLAINTIFF's employment on March 10, 2023, after refusing to accommodate her pregnancy-related disabilities and associated medical restrictions, despite her prior requests for reasonable accommodation.

24. DEFENDANT allowed PLAINTIFF to complete her unpaid internship needed to complete her Master's program, which concluded on May 2, 2023. During this time, PLAINTIFF experienced retaliatory conduct by DEFENDANT.

25. PLAINTIFF had no documented performance issues prior to notifying DEFENDANT of her pregnancy and requesting accommodations.

26. PLAINTIFF's termination occurred after she disclosed her pregnancy and requested accommodations.

27. PLAINTIFF was qualified for her position and would have been able to continue her employment with reasonable accommodations that would not have caused DEFENDANT undue hardship.

**COUNT I**
**GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 ("TITLE VII")**

28. PLAINTIFF hereby incorporates by reference each and every allegation made in the above paragraphs of this Complaint.

29. To establish a *prima facie* case of gender discrimination a plaintiff must show: (1) she is a member of a protected class; (2) she was qualified for the position she sought to retain; (3) she suffered an adverse employment action, and (4) the action occurred under circumstances giving rise to an inference of discrimination. *Mandel v. M&Q Packaging Corp.*, 706 F. 3d 157, 169 (3d Cir. 2013).

30. PLAINTIFF is a member of a protected class as a woman.

31. Plaintiff was qualified for her position that she sought to retain.

32. DEFENDANT discriminated against PLAINTIFF based on her gender by subjecting her to adverse employment actions, including termination.

33. PLAINTIFF was qualified for her position and performed her job duties competently. Despite this, DEFENDANT treated PLAINTIFF less favorably than similarly situated male employees or employees who were not subjected to the same scrutiny or adverse treatment.

34. DEFENDANT discriminated against PLAINTIFF due to her gender by terminating her employment on March 10, 2023.

**COUNT II**
**DISCRIMINATION IN VIOLATION OF THE PREGNANCY DISCRIMINATION ACT ("PDA")**

35. PLAINTIFF hereby incorporates by reference each and every allegation made in the above paragraphs of this Complaint.

36. The PDA prohibits discrimination "on the basis of pregnancy, child birth, or related medical conditions." *Pregnancy Discrimination Act*, Pub. L. No. 95-555, 92 Stat. 2076 (codified as amended at 42 U.S.C. § 2000e et seq. (1991)).

37. To establish a prima facie case of pregnancy discrimination, a plaintiff must demonstrate that: (1) she is or was pregnant, and her employer was aware of her pregnancy; (2) she was qualified for her job; (3) she suffered an adverse employment action; and (4) there is a nexus between her pregnancy and the adverse employment action that would allow a factfinder to infer discrimination. *Keita v. Delta Cmty. Supports, Inc.*, Civil Action No. 19-5967, 2020 U.S. Dist. LEXIS 110550 (E.D. Pa. June 24, 2020).

38. PLAINTIFF was 25 weeks pregnant at the time of her termination and had informed DEFENDANT of her pregnancy. PLAINTIFF's pregnancy-related medical needs were communicated to DEFENDANT through medical documentation provided by her physician, Dr. Melanie Stone, which requested reasonable accommodations.

39. PLAINTIFF was qualified for her position as a Transitional Housing Advocate, as evidenced by her ability to perform all essential job functions prior to her termination.

40. The close temporal proximity between PLAINTIFF's disclosure of her pregnancy and her subsequent termination, establishes a nexus between PLAINTIFF's pregnancy and the

adverse employment action. This temporal relationship supports an inference that DEFENDANT discriminated against PLAINTIFF because of her pregnancy.

41. The circumstances surrounding PLAINTIFF's termination support an inference of discrimination. PLAINTIFF alerted DEFENDANT to her pregnancy and requested reasonable accommodations, and was subsequently terminated. This close temporal proximity and DEFENDANT's refusal to engage in the interactive process establish a nexus between her pregnancy and the adverse employment action sufficient to allow a factfinder to infer discrimination.

## COUNT III
## DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT ("ADA")

42. PLAINTIFF hereby incorporates by reference each and every allegation made in the above paragraphs of this Complaint.

43. The ADA provides that "no covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

44. To prove disability discrimination, plaintiffs must demonstrate: (i) they have a disability within the meaning of the ADA; (ii) they are otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (iii) they have suffered an otherwise adverse employment decision as a result of discrimination. *Morgan v. Allison Crane & Rigging LL*C, 114 F.4th 214 (3d Cir. 2024).

45. The ADA defines "disability" as: A) a physical or mental impairment that substantially limits one or more major life activities of such an individual; B) a record of such impairment; or C) being regarded as having such impairment. 42 U.S.C. § 12102(1).

46. PLAINTIFF was diagnosed with bleeding and cramping during pregnancy, which constitutes a physical impairment substantially limiting one or more of her major life activities. PLAINTIFF's medical condition qualifies as a disability under the ADA.

47. PLAINTIFF was terminated due to her pregnancy related disability.

48. Had PLAINTIFF not been disabled due to her pregnancy she would not have been terminated by DEFENDANT.

## COUNT IV
## FAILURE TO ACCOMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT ("ADA")

49. PLAINTIFF hereby incorporates by reference each and every allegation made in the above paragraphs of this Complaint.

50. DEFENDANT failed to engage in the interactive process required by the ADA to determine reasonable accommodations that would have allowed PLAINTIFF to continue performing the essential functions of her job. Instead, DEFENDANT refused to accommodate PLAINTIFF's medical restrictions and terminated her employment.

51. PLAINTIFF was qualified to perform the essential functions of her position with reasonable accommodations, which would not have posed an undue hardship on DEFENDANT.

52. The requested accommodations included reduced working hours and the ability to work remotely for a portion of the day, as requested by PLAINTIFF and supported by her medical provider.

53. DEFENDANT terminated PLAINTIFF instead of accommodating her or engaging in the interactive process to find a reasonable accommodation.

**COUNT V**
**DISABILITY DISCRIMINATION/FAILURE TO ACCOMMODATE IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA")**

54. PLAINTIFF hereby incorporates by reference each and every allegation made in the above paragraphs of this Complaint.

55. The Pennsylvania Human Relations Act (PHRA) prohibits discrimination based on, among other characteristics, gender, race, color, handicap, or disability. 43 P.S. § 955(a).

56. PLAINTIFF experienced cramping and bleeding during her pregnancy, which constituted a physical impairment substantially limiting one or more of her major life activities. As such, PLAINTIFF was a qualified individual with a disability under the PHRA.

57. PLAINTIFF requested reasonable accommodations, including adjustments to her work schedule and physical duties, supported by medical documentation from her treating physician. These accommodations would have allowed PLAINTIFF to perform the essential functions of her position without imposing any undue hardship on DEFENDANT.

58. DEFENDANT failed to engage in the interactive process required by the PHRA to identify and implement reasonable accommodations.

59. DEFENDANT refused PLAINTIFF's requests for reasonable accommodations and required her to work under conditions that were inconsistent with her medical restrictions.

60. DEFENDANT subsequently terminated PLAINTIFF's employment.

## COUNT VI
## GENDER DISCRIMINATION IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA")

61. PLAINTIFF hereby incorporates by reference each and every allegation made in the above paragraphs of this Complaint.

62. The Pennsylvania Human Relations Act ("PHRA") prohibits discrimination on the basis of gender, 43 P.S. § 951 et seq.

63. PLAINTIFF is a member of a protected class as a woman.

64. DEFENDANT discriminated against PLAINTIFF based on her gender by subjecting her to adverse employment actions, including termination.

65. PLAINTIFF was qualified for her position and performed her job duties competently.

66. The circumstances surrounding PLAINTIFF's termination, including the timing support an inference that her gender was a motivating factor in the adverse employment action.

## JURY DEMAND

67. PLAINTIFF requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

68. WHEREFORE, PLAINTIFF, Brittany Diem, respectfully request that this Honorable Court enter judgment in her favor and against DEFENDANT, Community Action Partnership of Lancaster County, and the Court, award PLAINTIFF actual damages for

the loss of revenue, including back-pay, differential pay, future earnings and lost benefits with interest; compensatory damages for distress, lost career, embarrassment, and humiliation; punitive damages; costs of this action and reasonable attorney's fees, and all other relief which PLAINTIFF may appear entitled or which the Court deems appropriate and just.

**STARK LAW GROUP, LLC**

By:_____/s/ Eric Stark____
Bar Number: 200677
1370 Harrisburg Pike
Lancaster, PA 17601
Phone: 717-844-6350
Email:eric@starklawllc.com

By:_____/s/ Alexis Conrad___
Alexis Conrad (*Formerly Alexis Rostucher)*
Attorney Bar No: 335686
1370 Harrisburg Pike
Lancaster, PA 17601
Phone: 717-844-6350
Email:alexis@starklawllc.com

DATE:  5/2/2025